HELLKAMP ET AL., APPELLEES, *v*. BOIMAN ET AL., APPELLANTS.

(No. 11292—Decided November 23, 1970.)

Mr. *Robert H. Davis,* for appellees.
Mr. *Thomas J. Conners,* for appellants.

HESS, J. This is an appeal from a money judgment entered by the Court of Common Pleas of Hamilton County for damages incident to a decree for specific performance of a contract to purchase real estate.

On February 25, 1969, the defendants, appellants in this court and hereinafter referred to as Boimans, listed real estate owned by them, located at 1129 Neeb Road, with Wilson Realty Company, realtors, for sale. The listed sale price was $34,000. On February 26, 1969, Marjorie Kemme, a sales person representing Thiemann Realty Company, realtors, called the Boimans to show their property to plaintiffs, appellees in this court and hereinafter

referred to as Hellkamps. After one offer by the Hellkamps had been refused, they made another on March 1, 1969, of $34,900, to purchase the Boiman's real estate. The second offer made by the Hellkamps to purchase the Boimans' property was presented by Mr.. Richard Young of the Wilson Realty Company and Marjorie Kemme of the Thiemann Realty Company. This offer to purchase was presented as being in full compliance with the listing contract except that it contained a provision concerning rental after closing, "per agreement."

After discussion and by agreement between the Boimans and Hellkamps concerning occupancy by the Boimans after the sale of the property, Mr. Young crossed out the words "per agreement" in the contract and inserted "$125.00 per Mo." The offer to purchase also contained the provision "subject to loan commitment to be granted by United Savings Association within ten days" to the Hellkamps.

On Saturday, March 1, 1969, the Boimans and Hellkamps agreed that the Boimans could occupy the premises being sold until about June 1, 1969.

The Boimans refused to consumate the transaction and the Hellkamps filed this action for specific performance and damages. The trial court without the intervention of a jury and on consideration of the pleadings and evidence entered judgment in favor of the Hellkamps for specific performance and assessed damages in their favor in the sum of $2,840. The Boimans' appeal to this court is on questions of law from that part of the judgment relating to damages. There is no appeal from that portion of the judgment granting specific performance.

The appellants present four assignments of error: (1) the contract was not enforceable by virtue of the loan provision; (2) the change in the offer constituted a counter-offer, the acceptance of which was never communicated to the original offerees; (3) the court admitted into evidence items of alleged damages not relevant or material to this cause of action and assessed damages exceeding the evidence admitted; and (4) other errors of record.

The first two assignments of error relate to the judgment of the trial court in granting specific performance from which judgment or decree there is no appeal to this court.

The third assignment of error is directed to the money judgment entered by the trial court. In essence, it is the contention of the Boimans that the evidence fails to support the finding of the trial court that the Hellkamps were damaged in the sum of $2,840 by reason of the Boimans' refusal to abide by their contract of sale.

In the second cause of action of the amended petition of the Hellkamps filed July 10, 1969, it is alleged: " [The Hellkamps] incurred closing costs of $200; that the defendants know that the loan commitment recited in the agreement was based on interest rates then in effect, and that by delaying conveyance the plaintiffs may incur additional interest; that the defendants know that the plaintiffs have been required to expend or to contract for certain sums of money for attorneys fees and for the costs of these actions; that the defendants have willfully and maliciously refused to execute and deliver said deed, and that such willful and malicious refusal gives rise to punitive damages; that at this time it is impossible to calculate the amount of such damages; that by reason whereof plaintiffs believe themselves entitled to $5,000.00 general damages, and $30,000.00 punitive damages, and costs and attorneys fees.''

Before any evidence was offered, the Hellkamps withdrew their claim for punitive damages and there is no evidence in the record purporting to establish any sum claimed for attorney fees.

To support their claim for damages, Lawrence E. Hellkamp testified on behalf of the Hellkamps concerning eight items, namely: (1) the removal of a patio bell by the Boimans valued at forty-five to fifty dollars; (2) closing costs for procuring a loan from the United Savings Association in the sum of $195; (3) expenses incurred in moving from the property occupied by the Hellkamps when they were unable to take possession of the Boimans' premises

in the value of $195, and the storage of their furniture in the sum of $200; (4) procuring insurance on the Boiman Neeb Road property in the sum of $125; (5) closing costs in the sum of $237 incident to the purchase of another homestead by the Hellkamps occasioned by reason of the Boimans' failure to consumate the sale of their property to the Hellkamps; (6) rent in the amount of $125 per month to be paid by the Boimans as provided in the contract of sale; (7) damage occasioned to the Hellkamps by reason of a rise in interest from .0725 per cent at the time they procured their loan in March, 1969 to .08 per cent when the purchase of the Neeb Road property was consumated which, over the period of a twenty-year loan, is claimed to be $3,081.60; and (8) damage to the driveway beyond ordinary use in the sum of $200.

Considering all the items of damage listed above, except the claims for rental and the increase in interest charges, most favorable in behalf of the Hellkamps, the total is $1,202. The difference between $1,202 and the judgment in favor of the Hellkamps is $1,638. The consideration, if any, given to the items of rent stipulated in the contract of sale and the increase in interest charges occasioned by the time required to procure a specific performance judgment by the Hellkamps is unknown.

In the instant case it is impossible to ascertain from the evidence how the judgment of $2,840 was arrived at by the trial court.

Over objection, Lawrence E. Hellkamp, a hospital administrator, was permitted to give testimony, relative to moving from his place of residence, concerning insurance, and the value of a bell. Attention is drawn to the following portions of the record:

"Q. Mr. Hellkamp, since March 28, 1969, have you had the use of the property?

"A. None.

"Q. As a result of that non-use, have you made any expenditures of the money?

"A. Yes.

"Q. What are those expenditures?

"Mr. Conners: I will object to that.

"The Court: Overruled.

"Mr. Conners: Note my exceptions.

"A. Immediately after we sold our place, we had to of course have another place to go. After we left our place in the country, we had to have another place to go. At that time we did not have a place to go. Consequently, we had to put all of our furnishings and excess clothing into storage which was an expense.

"Q. Were you required to spend a sum of money for that storage?

"A. Yes.

"Q. How much?"

"Mr. Conners: I will object.

"The court: Overruled.

"Mr. Conners: Note my exception.

"A. There were two billings from that. One was for $195.00 and one for $200.00. One was for the initial pickup and storage and the second billing was for continued storage fees.

"Q. What was this storage of?

"A. Predominately furniture.

"Q. What other expenditures did you have?

"A. We had insurance on the property, 1129 Neeb. We had that expense which was approximately $125.00.

"Mr. Conners: I will object to that, your honor.

"The Court: Overruled.

"Q. Mr. Hellkamp, what value, sir, would you place on the patio bell you mentioned was missing?

"Mr. Conners: I will object to that.

"The Court: Overruled.

"Mr. Conners: Note my exception.

"A. $45.00 to $50.00.

"Q. All right, would you have an opinion, sir, as to what the fair value would be to place that driveway in the condition it was on February 28, 1969?

"Mr. Conners: Objection.

"The Court: Overruled.

"A. A couple hundred dollars."

We are of the opinion that the court erred in permitting Mr. Hellkamp to testitfy, over objection, concerning values when there was no testimony by him that he was qualified as an expert to determine the fair and reasonable repair costs of the driveway; in permitting the witness to place a value on the bell without determining whether it was a part of the realty or a chattel; and allowing the witness to testify relative to insurance expenditure without any evidence concerning the nature or kind of insurance purchased.

There appears to be no question that when a decree for specific performance in the sale of real estate is granted to the purchaser he is entitled to be put in the position he would have been in had the contract of sale and purchase been carried out on the date agreed upon. 49 Ohio Jurisprudence 2d, Specific Performance 616, Section 90.

In the instant case it was incumbent upon the Hellkamps to prove their damage in keeping with the established rules of evidence. The record is replete with opinions and stated values by a witness not qualified to so testify.

For the reasons given, the judgment of the Court of Common Pleas of Hamilton county is reversed and this cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.