JOURNAL ENTRY and OPINION
Appellants Gary and Sandra Polzer appeal a decision by the trial court in favor of Appellee Wilbur Awig in their breach of contract action. The Polzers assign the following four errors for our review:
 I. THE COURT ERRED AND IT WAS AN ABUSE OF DISCRETION TO THE PREJUDICE OF THE PLAINTIFFS/APPELLANTS WHEN IT GRANTED SPECIFIC PERFORMANCE TO THE PLAINTIFFS/APPELLANTS WITHOUT PROVIDING A HEARING FOR DAMAGES AS A RESULT OF THE DEFENDANT/APPELLEE'S REFUSAL TO COMPLY WITH THE TERMS AND CONDITIONS OF THE CONTRACT.
 II. THE COURT ERRED AND IT WAS AN ABUSE OF DISCRETION TO THE PREJUDICE OF THE PLAINTIFFS/APPELLANTS WHEN IT DENIED THE PLAINTIFFS/APPELLANTS [sic] MOTION FOR A HEARING FOR DAMAGES.
 III. THE COURT ERRED AND IT WAS AN ABUSE OF DISCRETION TO THE PREJUDICE OF THE PLAINTIFFS/APPELLANTS WHEN IT DENIED THE PLAINTIFFS/APPELLANTS [sic] MOTION FOR A HEARING FOR DAMAGES WHEN IT DENIED THE PLAINTIFFS/APPELLANTS MOTION FOR RECONSIDERATION OF THE TRIAL COURT'S RULING ON THE MOTION FOR A HEARING ON DAMAGES. [sic]
 IV. THE COURT'S DECISION DENYING THE APPELLANTS DAMAGES RESULTING FROM THE BREACH OF CONTRACT IS ARBITRARY, CAPRICIOUS AND UNREASONABLE.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On September 2, 1997, Gary and Sandra Polzer filed a complaint alleging Wilber Awig breached a purchase agreement under which Awig agreed to sell his home to the Polzers for $35,000. The Polzers alleged that they deposited the sum of $500 into escrow under the terms of the agreement, but Awig failed to execute and deliver to them a deed and title guarantee as provided under the purchase agreement. The Polzers sought specific performance of the purchase agreement or, in the alternative, one hundred thousand dollars ($100,000) in damages. Awig counterclaimed and averred that Sandra Polzer was an acquaintance who performed various services for him including cleaning, laundry, shopping and chauffeuring duties. He further alleged that the Polzers took advantage of the fact that Awig had come to rely on Sandra Polzer's help and fraudulently induced Awig to enter into the purchase agreement with full knowledge that Awig's home was worth more than $35,000.
Awig subsequently filed a motion for leave to file an amended complaint naming Sandra Polzer's father Sam Iamarino as a new third-party defendant. Awig alleged that Iamarino came to view the house with Sandra Polzer and offered to draft the purchase agreement. Awig claimed that, during Iamarino's deposition, he learned that Iamarino was a licensed real estate broker. According to Awig, he asked Iamarino if he should get his own real estate broker and was told "Why would you want to do that? Do you want to pay a commission?"
In response to the motion, the Polzers argued that Iamarino told Awig he was a real estate broker at the time he and Sandra Polzer inspected the house. They also averred that Iamarino was at the house only as Sandra Polzer's father and had not been actively involved in real estate sales for about ten years. The Polzers pointed to paragraphs 5 and 6 of Awig's proposed third-party complaint in which they averred that Iamarino held himself out as a real estate broker and that this information was given to Awig to indicate that Iamarino was qualified to write the purchase agreement. The motion for leave to file a third party complaint was denied.
The Polzers filed a motion for summary judgment alleging Awig owned the house in Cleveland Heights, was of sound mind and memory, offered the house to the Polzers for $35,000, and signed a purchase agreement. The Polzers averred that they paid Awig $500 earnest money and that the parties agreed to deposit the funds and sign the necessary papers within 70 days. They also averred that Awig's attorney, Leonard Smith, told Sandra Polzer to add an addendum to the contract providing that the Polzers would assume any and all code violations on the property and that the words used in the addendum were dictated by Smith. The addendum was signed by the Polzers and Awig in the presence of two witnesses. The Polzers denied that Sandra Polzer performed any services for Awig and also denied that there was any undue influence, duress or fraudulent conduct by the Polzers in connection with the transaction. The Polzers also averred that they deposited the purchase money in escrow as agreed, but Awig failed to complete the sale of the house.
In response to the motion, Awig alleged that the house was worth at least $67,000 dollars and that, in 1998, Realty One agreed to show it at an asking price of $79,900. Awig denied Sandra Polzer's claim that it would cost $30,000 to make the home livable, and argued that the cost to repair the home's city violations would be eight hundred forty dollars ($840). Awig added that the violations were considered by the appraiser when establishing the value of the property. Awig claimed that the Polzers dissuaded him from seeking his own broker in an effort to keep him from discovering the fair market value of his home. He added that the Polzer's summary judgment motion contained no case law to indicate that they were entitled to judgment as a matter of law.
The Polzers filed a motion for sanctions and for attorney fees alleging that the motion for leave to file a third-party complaint was frivolous in that it contained the untrue allegation that Awig had just recently learned that Iamarino was a licensed real estate broker. The Polzers sought $1,875 in attorney fees incurred in responding to the motion. The trial court granted the Polzers' motion and awarded attorney fees in the amount of $500.
The trial court granted the Polzers' motion for summary judgment and ordered Awig to specifically perform the agreement between the parties. On January 7, 1999, Awig filed a notice of appeal from the trial court's grant of the Polzers' motion for summary judgment. (Appeal No. 75802)
Thereafter, the Polzers filed a motion for a hearing on the issue of damages. The trial court denied the motion, finding that "plaintiff is entitled to those things stated in this court's ruling on plaintiffs' motion for summary judgment and nothing more". (Journal entry of 2/4/99.) The Polzers filed a notice of appeal from the court's denial of their motion for a damages hearing. (Appeal No. 76103) The Polzers' motion for reconsideration of the trial court's ruling was denied. The Polzers filed a notice of appeal from the denial of the Polzers' motion for reconsideration. (Appeal No. 76305)
Awig voluntarily dismissed his appeal in Case No. 75802. Case Nos. 76103 and 76305 were consolidated for appeal.
The Polzers' three assignments of error will be discussed together as they present a single issue for our review — whether the trial court properly denied their motion for a hearing on the issue of damages resulting from Awig's refusal to comply with the purchase agreement. The Polzers argue that the trial court's order of specific performance left unresolved the issue of damages and that an evidentiary hearing is necessary to determine the proper damage award.
Specific performance is an equitable remedy which is appropriately granted only where monetary damages are not adequate to compensate the plaintiff for his loss. See Forest Park Partners Ltd Partnership v. Ponderosa, Inc., (Oct. 18, 1996), Montgomery App. No. 15688, unreported, citing Geiger v. Geiger (Nov. 16, 1993), Montgomery App. No. 13841, unreported. See, also, Gleason v. Gleason (1991), 64 Ohio App.3d 667, 672, 582 N.E.2d 657, 661, jurisdictional motion overruled (1991), 62 Ohio St.3d 1434,578 N.E.2d 825; Nelson v. Suburban Nursing and Mobile Homes, Inc. (Sept. 2, 1993), Montgomery App. No. 13773, unreported.
An order of specific performance gives the party who seeks it the benefit of the contract by forcing the other party to the contract to do what he agreed to do. Harley E. Rouda v. Springtime Co. (1975), 49 Ohio App.2d 49, 55, 359 N.E.2d 450, 454-455. When an order of specific performance is issued on a contract for the sale of real property, the court will attempt to place the parties, to the extent possible, in the position they would have been in if the contract had been performed as agreed. Sandusky Properties v. Aveni(1984), 15 Ohio St.3d 273, 276, 473 N.E.2d 798, 801; Manning v. Hamamey (Feb 12, 1998), Cuyahoga App. No. 72072, unreported, discretionary appeal not allowed (1998), 82 Ohio St.3d 1443,695 N.E.2d 266; Hellkamp v. Boiman (1970), 25 Ohio App.2d 117, 122,267 N.E.2d 323, 327; Gunsorek v. Addison (Jan. 24, 1991), Franklin App. No. 90AP-303, unreported, jurisdictional motion overruled (1992),63 Ohio St.3d 1474, 591 N.E.2d 243. An order of specific performance is not a punishment, but merely a requirement that a breaching party meet his obligations under the contract. Railroad Sav. Loan Co. v. Berman, (March 22, 1990), Franklin App. No. 89AP-626, unreported, rehearing denied (1991), 59 Ohio St.3d 701,571 N.E.2d 135.
In addition to the order of specific performance, a plaintiff who seeks specific performance of a contract for the sale of land is entitled to recover damages resulting from the defendant's delay in consummating the sale. Harley E. Rouda Co. at 55,359 N.E.2d at 454; Manning v. Hamamey, (Feb 12, 1998), Cuyahoga App. No. 72072, unreported; Gunsorek v. Addison, (Jan. 24, 1991), Franklin App. No. 90AP-303, unreported. Such damages may be awarded in addition to specific performance when "necessary to attain complete justice and equity". Sandusky at 276, 473 N.E.2d at 801. However, under the circumstances of this case, we cannot say that the trial court's decision not to award such damages or grant a hearing on damages constituted an abuse of discretion.
In their complaint, the Polzers alleged "If defendant does not sell said real estate to plaintiffs, plaintiffs will lose a substantial sum as a result of the refinancing and the loss of profit in the amount of $100,000 as their benefit of the bargain". (Plaintiff's complaint at 3.) By seeking both specific performance and damages incurred as a result of the breach, the Polzers improperly sought to both enforce the contract as well as recover damages for its breach. The trial court was under no obligation to award damages for breach of contract as well as specific performance.
 [B]y defendant's prevailing suit for specific performance, the buyer's alleged breach of contract was nullified. The contract cannot be both performed and breached. The contract, rather than the breach, is the basis for the specific performance remedy.
Harley E. Rouda at 55, 359 N.E.2d at 454-455.
The Polzers argue that a hearing must be held to determine the amount of damage when the amount of damages is in dispute. However, in their motion for summary judgment, the Polzers did not go forward with any evidence as to the amount of their damages. The record is devoid of any evidence that the Polzers actually lost any of their anticipated profit from the sale of the property. There is also no evidence that the Polzers incurred any expenses from refinancing the property. By granting the motion for summary judgment and ordering Awig to proceed with the sale of the property, the trial court gave the Polzers the relief they requested. Under the circumstances of this case, we cannot find that the trial court abused its discretion in fashioning its equitable award in this case.
We also reject the Polzers' argument that the trial court erroneously denied their motion for reconsideration. A motion for reconsideration after a final judgment has been held to be a nullity. Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378,379, 423 N.E.2d 1105, 1106. See also Briscoe v. St. Luke's Med. Ctr. (May 13, 1999), Cuyahoga App. No. 74180, unreported. We find inapposite the Polzers' reliance on Summers v. Village of Highland Hills, et al. (July 29, 1999), Cuyahoga App. No. 74437, unreported, discretionary appeal not allowed (1999), 87 Ohio St.3d 1461,720 N.E.2d 543. Despite the language used by the court in that opinion, our review of the case docket reveals that the case was actually remanded due to a pending motion for relief from judgment under Civ.R. 60(B). The clear rule is that a motion for reconsideration is a nullity and need not be ruled on by the trial court. Accordingly, we find no error in the trial court's denial of that motion. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.