[Cite as *Krueger v. Swineford*, 2015-Ohio-3518.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Carl M. Krueger

     Appellant

v.

Dawn Swineford, et al.

     Appellees

Court of Appeals No. E-14-095

Trial Court No. 2014 CV 0189

**DECISION AND JUDGMENT**

Decided: August 28, 2015

* * * * *

Linda C. Ashar and Michael K. Ashar, for appellant.

D. Jeffery Rengel and Thomas R. Lucas, for appellee Mickey Mart, Inc.

Kevin J. Zeiher, for appellee Dawn Swineford.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, Carl Krueger, appeals the June 10, 2014 judgment of the Erie

County Court of Common Pleas which, following a trial to the court, found that the right

of first refusal executed in conjunction with a note and mortgage was unenforceable. Because we find that the court did not err when it denied appellant's claim for specific performance, we affirm.

{¶ 2} The undisputed, relevant facts are as follows. On February 22, 2013, appellee, Dawn Swineford, was the owner of a gas station and carry-out located in Berlin Heights, Ohio. On that date and due to financial difficulties operating the business, appellee agreed to appellant's offer to loan her $25,000 so she could purchase fuel to sell at the gas station. The loan was evidenced by a promissory note and secured by a mortgage. The note provided a five percent interest rate and required repayment within 25 months. The note further provided for "the permanent and irrevocable right of first refusal to purchase the Premises secured by this note in its entirety" and the

> permanent and irrevocable right, at Creditor's cost less any due and unpaid installments hereunder, any applicable late fees and any accrued interest, to order fuels (diesel, kerosene and motor gas) at Debtor's supplier's prices in minimum delivery quantities of standard semi-tractor/trailer tanker loads normally received by Debtors in the regular course of Debtor's business practice.

{¶ 3} The note further specified:

> Creditor's right of first refusal to purchase the premises and right to order fuels as herein provided shall permanently and irrevocably continue

2.

past Debtor's full repayment of (i) the principal funds advanced hereto, plus (ii) any applicable late fees and, (iii) accrued interest thereon, for Creditor's entire lifetime.

The note provided that after a 30-day written notice of default, the creditor would be entitled to, inter alia, an automatic right of first refusal "to purchase the Premises secured by this note in its entirety"

{¶ 4} The mortgage deed, also executed on February 22, 2013, defines "the Premises" as:

> Situated in the Village of Berlin Heights, County of Erie and State of Ohio: being that part of Lot No. 7 in Subrange No. 7 in Section No. 3, bounded and described as follows:  Beginning at the point of intersection of the south westerly line of Main Street and the westerly line of South Street; running thence south westerly, along the southeasterly line of Main Street, 149.16 feet * * * said premises being also known as Lot 59 in the Flat of Parson's Survey so-called, as recorded in Volume 1 of Plats, page 50, Erie County, Ohio records.

{¶ 5} On March 17, 2014, appellee paid the $13,032.04 balance owed on the loan. Appellant refused to sign a document provided by appellee stating that he released her from the mortgage and, specifically, the right of first refusal.  Just prior to repayment of the loan, appellant and appellee exchanged a series of text messages beginning with appellee's message to appellant informing him that she was considering selling the gas

3.

station and acknowledging that appellant had a "first option to buy." Appellant indicated that he wanted profit and loss statements and to be notified when Daniel Coles of DANOP, LTD., the prospective purchaser, made an offer.

{¶ 6} Appellee's negotiations with DANOP, Ltd., dba Mickey Mart, Inc. (also an appellee in this matter), to purchase the business known as Berlin Heights Carry Out, Inc., resulted in a bill of sale signed on March 20, 2014, with an effective date of March 18. A management agreement was simultaneously entered into which allowed Mickey Mart to operate the business with appellee's liquor permit. The agreement would expire upon the transfer of the liquor permit.

{¶ 7} Thereafter, the parties entered in to a commercial land installment contract with an option to convert to a lease or purchase. Referencing the bill of sale and the tender of payment in full to appellant, appellee agreed to sell and Mickey Mart agreed to purchase the real property located at 5 South, Berlin Heights, Ohio 44814, for the sum of $350,000. The contract provided for $1000 weekly payments and a balloon payment to be made on or before June 1, 2014. If the payment was not tendered, the vendee would have the option to extend the date for the payment to December 31, 2015, or convert the contract to a lease.

{¶ 8} On March 26, 2014, appellant commenced this action for preliminary and permanent injunctive relief, declaratory judgment and specific performance. Appellant claimed that by virtue of the promissory note and mortgage he had a "perpetual right of first refusal" to buy the real property, the carry-out, and the fuels in bulk quantities.

4.

Appellant stated that appellee, by selling or transferring, in whole or in part, her interest in the real property and the business deprived him of his right of first refusal. Appellant claimed that he suffered irreparable harm including the ability to acquire prime commercial real estate and the only gasoline and carry-out in Berlin Heights, and an adverse impact on his reputation and loss of good will. Appellant requested that the court enjoin appellee from entering in to any transfer or sale conflicting with the terms of the note and mortgage, declare that the note and mortgage were enforceable, and that appellee be ordered to specifically perform the offer of first refusal.

{¶ 9} On March 26, 2014, the trial court granted a temporary restraining order preventing any property transfers. On April 3, 2014, Mickey Mart, Inc., was permitted to intervene as a party defendant. On April 21, 2014, appellee filed her answer and asserted a counterclaim for damages for slander of title and punitive damages and attorney fees.

{¶ 10} Following discovery, the matter proceeded to a bench trial on May 27, 2014, where the parties presented testimony and evidentiary materials. On June 10, 2014, the trial court entered its decision and judgment entry in favor of appellee. The court first found that neither party came to the litigation with "clean hands." The court found that appellant had an "ulterior motive" in lending the money to appellee but that appellee was dishonest about the source of the payout funds.

{¶ 11} The court then noted that, equities aside, the right of first refusal was not valid and was unenforceable. Specifically, the court first found that the note was paid-in-full and that appellant had not requested to enforce his right prior to acceptance of the

5.

pay-off; thus, the right of first refusal had extinguished. Next, because the "unrecorded" promissory note failed to specify how the right would be exercised and the definition of "the Premises" it was too vague to be enforceable. Further, the recorded mortgage failed to reference the right of first refusal. The court suggested that the right of first refusal violated the rule against perpetuities. Finally, the court noted that under the land installment contract, no sale or lease had yet occurred. All pending counterclaims and motions for sanctions were denied. This appeal followed.

{¶ 12} Appellant raises four assignments of error for our review:

Assignment of Error No. 1: The trial court erred as a matter of law and against the manifest weight of the evidence in finding that Krueger did not have a valid right of first refusal to purchase the Premises from Swineford, or that he did not exercise such right.

Assignment of Error No. 2: The trial court erred as a matter of law and against the manifest weight of the evidence in finding that Swineford's tender of payment of the balance of the loan to Krueger extinguished his right of first refusal to purchase the Premises.

Assignment of Error No. 3: The trial court erred as a matter of law and against the manifest weight of the evidence in finding that Swineford's transaction with Mickey Mart was not a "sale" to justify Krueger's exercise of his right of first refusal.

6.

Assignment of Error No. 4: The trial court erred as a matter of law and against the manifest weight of the evidence in dissolving the preliminary injunction against Swineford's sale of the Premises to Mickey Mart, and failing to issue a final injunction against the sale to Mickey Mart and to order specific performance of Krueger's exercise of his superior right to purchase the premises.

{¶ 13} In appellant's first assignment of error, he argues that the court erroneously determined that he did not have a valid right of first refusal to purchase the premises. It is well settled that the trial court's decision to grant or deny declaratory relief will not be overturned on appeal absent a finding of abuse of discretion. *Four Howards, Ltd. v. J & F Wenz Rd. Invest., L.L.C.*, 179 Ohio App. 3d 399, 2008-Ohio-6174, 902 N.E.2d 63, ¶ 57 (6th Dist.), citing *Englefield v. Corcoran,* 4th Dist. Ross No. 06CA2906, 2007-Ohio-1807, ¶ 11; *Arbor Health Care Co. v. Jackson*, 39 Ohio App.3d 183, 185, 530 N.E.2d 928 (10th Dist.1987). An abuse of discretion connotes more than a mere error of law, it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} Similarly, specific performance as a remedy for breach of contract is a matter resting in the sound discretion of the court, not arbitrary, but controlled by principles of equity, on full consideration of the circumstances of each particular case. *Hog Heaven of New Philadelphia, Inc. v. M & M W. High Ave., L.L.C.*, 5th Dist.

7.

Tuscarawas No. 2014 AP 02 0006, 2014-Ohio-5125, ¶ 16-17, citing *Roth v. Habansky,* 8th Dist. Cuyahoga No. 82027, 2003-Ohio-5378.

"The remedy of specific performance is governed by the same general rules which control the administration of all other equitable remedies. The right to it depends upon elements, conditions, and incidents which equity regards as essential to the administration of all its peculiar modes of relief. When all these elements, conditions, and incidents exist, the remedial right is perfected in equity. These elements, conditions, and incidents, as collected from the cases, are the following: The contract must be concluded, certain, unambiguous, mutual, and based upon a valuable consideration; it must be perfectly fair in all its parts; it must be free from any misrepresentation or misapprehension, fraud or mistake, imposition or surprise; it cannot be an unconscionable or hard bargain; its performance must not be oppressive upon the defendant; and, finally, it must be capable of specific execution through a decree of the court." *Id*. at ¶ 17, quoting *Roth* at ¶ 16.

"[A] 'right of first refusal,' is a promise to present offers to buy property made by third parties to the promisee in order to afford the promisee the opportunity to match the offer." *Christiansen v. Schuhart*, 193 Ohio App.3d 89, 2011-Ohio-1199, 951 N.E.2d 107, ¶ 53 (5th Dist.), quoting *Latina v. Woodpath Dev. Co.*, 57 Ohio St.3d 212, 567 N.E.2d 262 (1991). As with any case involving

8.

contract interpretation, the language employed is given its "ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146, (1978), paragraph two of the syllabus.

{¶ 15} In a similar action involving the request for specific enforcement of a right of first refusal, the reviewing court addressed whether the scope of "the premises" was uncertain and subject to more than one interpretation. *Progress Properties, Inc. v. Baird*, 8th Dist. Cuyahoga Nos. 70286, 70287, 1997 WL 661898 (Oct. 23. 1997). In *Baird*, the plaintiff, Progress, had leased parking spaces on the property at issue and the lease contained a right of first refusal. *Id.* at *1. The owners agreed to sell the property to a third party and Progress commenced an action for specific performance to enforce the right of first refusal. Examining the lease agreement, the court found that the language in the lease did "not sufficiently define whether the lease cover[d] just the parking spaces or the entire property" which included a building. *Id.* at *4. The court then concluded: "The language of the lease can reasonably be interpreted to cover either the entire parcel or merely the area on which parking spaces are leased. The ambiguity and lack of certainty within the four corners of this lease make impossible the remedy of specific performance." *Id.* at *5.

{¶ 16} In the present case, as set forth above, the promissory note at issue provided for the right of first refusal to purchase "the Premises" as set forth in the

9.

mortgage. The mortgage note defines the premises as the real property located on the parcel. At trial, and in his complaint, appellant stated that the premises included the building as well as the business, including anything physically attached to the property. In fact, appellant indicated that the right of refusal encompassed everything except items that "if you picked it [the property] up and shook it around whatever fell out the door * * *." Conversely, appellee testified that she believed the right was extinguished when she repaid the loan.

{¶ 17} We find that this inconsistency, as in *Baird*, renders the provision which was drafted by appellant too uncertain to enforce. We further reject appellant's claim for reformation of the contract. The evidence presented at trial demonstrated no prior discussion of the right of first refusal. Further, the fuel rate provision included in the right implicated a third, non-contracting party.

{¶ 18} Accordingly, we find that because the right of first refusal was too vague or uncertain to be enforceable, the trial court did not err when it denied appellant's claim for specific performance. Appellant's first assignment of error is not well-taken. Based upon our disposition of appellant's first assignment of error, we find that appellant's second, third, and fourth assignments of error are moot and are not well-taken.

{¶ 19} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.         _____
                                                        JUDGE

Stephen A. Yarbrough, P.J.


James D. Jensen, J.              _____
CONCUR.                                               JUDGE


                                                 _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.