[Cite as *JoMar Group, Ltd. v. Brown*, 2023-Ohio-98.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JOMAR GROUP, LTD. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 22 CA 005 |
| GARY M. BROWN | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Case No. 20 CV 039


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    January 12, 2023


APPEARANCES:

For Plaintiff-Appellee

GRANT A. MASON
MILLER, MAST & MASON, LTD
88 South Monroe Street
Millersburg, Ohio  44654

For Defendant-Appellant

THOMAS D. WHITE
EQUES, INC.
5589 Country Road 77
Millersburg, Ohio  44654

*Wise, J.*

{¶1}    Defendant-Appellant, Gary M. Brown, appeals from the March 17, 2022, Judgment Entry by the Holmes County Court of Common Pleas. Defendant-Appellee is JoMar Group, Ltd. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}    On June 19, 2020, Appellee, an Ohio limited liability company, filed a complaint alleging breach of contract and seeking specific performance.

{¶3}    On July 13, 2020, Appellant filed his Answer.

{¶4}    On August 18, 2020, Appellee filed an Amended Complaint. The amended complaint contained one count of breach of contract seeking specific performance, one count seeking damages for breach of contract, and one count of intentional interference with a contract also seeking damages.

{¶5}    On September 8, 2020, Appellant filed his Answer to the Amended Complaint.

{¶6}    On October 9, 2020, Appellee filed a Motion for Partial Summary Judgment.

{¶7}    On November 13, 2020, Appellant filed a Response in Opposition.

{¶8}    On November 25, 2020, Appellee filed a Reply to Appellant's Response in Opposition.

{¶9}    On December 23, 2020, Appellant filed a Sur Reply.

{¶10}   On January 27, 2021, the trial court held a hearing on Appellee's Motion for Partial Summary Judgment.

{¶11}   On February 25, 2021, the trial court overruled Appellee's Motion for Partial Summary Judgment.

{¶12}  On October 6, 2021, Appellee filed a Second Amended Complaint. The final amended complaint alleged Appellant sold a 260-acre tract of land. The contract called for Appellee to purchase around 158 acres from Appellant. The contract included a provision that provided Appellee the ability to purchase the remaining 102 acres ("Option").

{¶13}  Within the time period of the Option, Appellee notified Appellant of his intention to exercise his option to purchase the remaining acreage. After receiving no response from Appellant, Appellee sent a certified letter notifying Appellant of his intention to exercise the Option.

{¶14}  After sending the certified letter, Appellee began negotiations with a third party for the sale of the real estate subject to the Option. An agreement was reached on June 25, 2020. Appellee then informed Appellant of the contract between Appellee and the third party for the sale of the real estate.

{¶15}  On November 2, 2021, Appellant filed an Answer.

{¶16}  On December 16, 2021, the trial court held a bench trial.

{¶17}  On March 17, 2022, the trial court issued a judgment entry finding in favor of Appellee on the First and Third Counts. Count two was found to be moot.

{¶18}  On April 13, 2022, Appellee filed a notice of waiver of damages and a motion for the court to enter a final appealable order.

{¶19}  On May 24, 2022, the trial court entered its final judgment entry.

## ASSIGNMENTS OF ERROR

{¶20}  Appellant filed a timely notice of appeal and herein raises the following two Assignments of Error:

**{¶21}** "I. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S COUNT I FOR BREACH OF CONTRACT AND ORDERING SPECIFIC PERFORMANCE.

**{¶22}** "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND INTENTIONAL INTERFERENCE OF CONTRACT AND AWARDED DAMAGES FOR ALLEGED INTERFERENCE THAT TOOK PLACE PRIOR TO THE EXISTENCE OF THE CONTRACT."

## I.

**{¶23}** In Appellant's first Assignment of Error, Appellant argues the trial court erred by finding the existence of a valid option contract, and if a breach occurred, ordering specific performance. We disagree.

### a. Standard of Review

**{¶24}** The interpretation and construction of written contracts is reviewed de novo. *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998). However, an appellate court is not the finder of fact, we neither weigh evidence nor judge credibility of witnesses. Our role is to determine whether relevant, competent, and credible evidence exists upon which the fact finder could base his or her judgment. *Peterson v. Peterson*, 5th Dist. Muskingum No. CT2003-0049, 2004-Ohio-4714, ¶10, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA 5758, 1982 WL 2911 (Feb. 10, 1982).

### b. Consideration for Option Contract

**{¶25}** "In the ordinary real estate option contract, the seller offers to sell his real property upon fixed terms, and he and his prospective buyer agree that, in exchange for a consideration paid by the buyer, the seller will leave his offer open for a specified time. Within this context, the option contract is not a contract to buy and sell the property, but

only a contract whereby the seller agrees to leave his offer open for a time certain. Confusion often arises since the option is combined with the main offer to sell and its attendant detailed terms." *Ritchie v. Cordray*, 10 Ohio App.3d 213, 215, 461 N.E.2d 325 (1983).

**{¶26}** "However, the two are separate and independent, even though found in one document; the option is collateral to the main offer to sell. The main offer does not become a contract to buy and sell unless and until its terms are accepted. The option, on the other hand, is already a binding complete contract to leave the offer open-there has been both offer and acceptance, supported by consideration." *Id.*

**{¶27}** This particular case has another layer of complexity as the document which allegedly contains the Option is also part of a contract for the sale of a different parcel of real estate.

**{¶28}** Appellant argues that since the Option was part of a larger contract, and no distinct consideration was called out, then the option contract is unenforceable. For support they cite *Bhavnani v. Voldness*, 10th Dist. Franklin No. 95APE03-284, 1995 WL 578124. *Bhavnani* clearly states, "appellant has failed to affirmatively demonstrate that he gave *separate* consideration for the option." *Id.* However, the Tenth District Court of Appeals uses the term "separate consideration" as "something other and independent of the consideration that will pass between the parties in the event that the option is exercised." *Mirich v. Safarek*, 7th Dist. Mahoning No. 81 C.A. 48, 1982 WL 6105, citing, 17 Ohio Jurisprudence 3d 453-454, Contracts, Section 22.

**{¶29}** In the case *sub judice*, Appellant received consideration of $1,425,000, a van, a promise not to divide the real estate for two and half years, and the right to walk or

ride over the property during his lifetime. Appellant gave consideration of real estate and the option to purchase 102 acres of land located south of SR 241 for $1,800,000.

**{¶30}** Accordingly, separate consideration of "something other and independent of the consideration that will pass between the parties in the event that the option is exercised" was provided.

### c. Specific Performance

**{¶31}** The remedy of specific performance rests in the sound discretion of the trial court, "not arbitrary, but controlled by principles of equity, on full consideration of the circumstances of each particular case." *Hog Heaven of New Philadelphia, Inc. v. M & M W. High Ave, L.L.C.*, 5th Dist. Tuscarawas No. 2014AP020006, 2014-Ohio-5125, ¶16.

> The remedy of specific performance is governed by the same general rules which control the administration of all other equitable remedies. The right to it depends upon elements, conditions, and incidents which equity regards as essential to the administration of all its peculiar modes of relief. When all these elements, conditions, and incidents exist, the remedial right is perfected in equity. These elements, conditions, and incidents, as collected from the cases, are the following: The contract must be concluded, certain, unambiguous, mutual, and based upon a valuable consideration; it must be perfectly fair in all its parts; it must be free from any misrepresentation or misapprehension, fraud or mistake, imposition or surprise; it cannot be an unconscionable or hard bargain; its performance must not be oppressive upon the defendant; and, finally, it must be capable of specific execution through a decree of the court."

*Manning v. Hamamey*, 8th Dist. Cuyahoga No. 72072, 1998 WL 57093.

**{¶32}** Appellant argues that because the parties exchanged various versions of a real estate purchase agreement, this makes the final contract ambiguous. We disagree.

**{¶33}** Appellant hired an attorney to represent him in the negotiations. The prior versions of the proposed real estate purchase agreement show ongoing negotiations to arrive at the final signed contract of May 28, 2015. Nothing in the record shows the final contract was unclear or ambiguous, that fraud, mistake, or misrepresentation took place, or that it was unconscionable. As such the trial court did not abuse its discretion in ordering specific performance of the contract.

**{¶34}** Appellant's first Assignment of Error is overruled.

**II.**

**{¶35}** In Appellant's second Assignment of Error, Appellant argues the trial court erred when it found intentional interference of a contract. We disagree.

**{¶36}** The elements of tortious interference with a contract are "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, 176, 707 N.E.2d 853 (1999).

**{¶37}** Appellant argues he was unaware of the third-party contract and that because his initial refusal to honor the Option took place before the third-party contract was signed, the trial court erred finding Appellant committed intentional interference of a contract.

**{¶38}** Appellant testified that on July 29, 2020, he was aware that the third-party contract existed. Therefore, we must determine if the trial court abused its discretion in finding the Appellant's refusal to honor the Option after being made aware of the third-party contract was justified. An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶39}** A court determining whether an actor's interference with a contract was justified should consider the following factors:

> (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties.

> *Siegel*, 85 Ohio St.3d at 176, 707 N.E.2d 853.

**{¶40}** It has been established that Appellee properly exercised the Option within the timeframe noted. A series of preparatory draft contracts were exchanged leading to the final contract. Each draft contract and the final contract contained some form of the Option. Appellant knew the Option existed and never objected to the Option until Appellee attempted to exercise it. Appellant knew Appellee entered into a third-party contract selling the real estate subject to the Option and still refused to honor the Option.

**{¶41}** Based on the forgoing, we find the trial court did not abuse its discretion in finding Appellant intentionally interfered with Appellee's third-party contract.

**{¶42}**  Appellant's Second Assignment of Error is overruled.

**{¶43}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.


JWW/br 0106